
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUTIERREZ DUARTE, | No. 05-76819 |
| Petitioner, | |
| v. | Agency No. A073-932-574 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2010[**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,[***] Chief
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph R. Beistline, United States District Judge for the
District of Alaska, sitting by designation.

Maria Gutierrez-Duarte petitions for review of the Board of Immigration Appeals's denial of her request to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Duarte argues that the BIA violated her right to due process by not considering whether her cousin was a "daughter" for purposes of an 8 U.S.C. § 1182(d)(11) waiver. The record is to the contrary. The BIA rejected Duarte's remand request because she failed to establish two elements necessary for remand — that she was prima facie eligible for the waiver and that her new evidence was previously unavailable. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063-64 (9th Cir. 2008); 8 C.F.R. § 1003.2(c) (setting forth the requirements of a motion to remand/reopen). The BIA held that Duarte was not eligible for the waiver because the plain statutory language of § 8 U.S.C. § 1182(d)(11) does not include cousins among the list of qualifying relatives. The BIA clearly considered the claim and no due process violation occurred. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring both error and prejudice for a due process violation).

PETITION FOR REVIEW DENIED.